## SMITH v. UNITED STATES.

(Circuit Court of Appeals, Fourth Circuit. October 29, 1924.)

No. 2267.

1. Intoxicating liquors ⟨⟩236(13)—Chemical analysis not required to prove that content of bottles is intoxicating liquor.

That the content of bottles is intoxicating liquor is not required to be proved by a chemical analysis.

2. Searches and seizures ⟨⟩7—Finding of liquor held not through unreasonable search.

A search implies some exploratory investigation, and the finding of intoxicating liquor by turning a flashlight on the contents of an open automobile is not through an unreasonable search.

In Error to the District Court of the United States for the Western District of South Carolina, at Greenville; Henry H. Watkins, Judge.

Criminal prosecution by the United States against F. D. Smith. Judgment of conviction, and defendant brings error. Affirmed.

Stanyarne Wilson, of Spartanburg, S. C. (Wilson & Wilson, of Rock Hill, S. C., on the brief), for plaintiff in error.

Joseph A. Tolbert, U. S. Atty., of Greenville, S. C. (J. E. Marshall, Asst. U. S. Atty., of Washington, D. C., on the brief), for the United States.

Before WOODS, WADDILL, and ROSE, Circuit Judges.

PER CURIAM. Defendant was convicted on an indictment containing two counts—the first charging unlawful possession and the second unlawful transportation of "certain intoxicating liquors, to wit, 216 bottles of ginger, fit for use for beverage purposes." On the night of January 27, 1924, a deputy United States marshal and a state constable, under authority of a search warrant, searched the store and outbuildings on the premises known as the Porter place. The warrant directed the search of the premises and outbuildings of George Smith, John Doe, and others. The officers found men in and around the store who had been drinking, one of them having whisky in his pocket, and others having Jamaica ginger.

As the officers stepped out into the yard in the rear of the store building, F. D. Smith, the defendant, drove up in an automobile. When he alighted, Moss, the state constable, tapped him on the shoulder and spoke to him. Moss then walked around the back of the car to the opposite side, and noticed that the rear door was open. He turned his flashlight on the rear floor of the car and saw 216 bottles of Jamaica ginger, branded: "Good Luck. U. S. P. Strength Alcohol 93%." Lister, the deputy marshal, in the meantime had asked Smith what he had in the car. Moss, when he discovered the ginger, requested Lister to "take charge of him, because there is something here." The officers inquired of Smith what he intended to do with the ginger. He replied

that he did not know and attempted to drive off. Lister arrested him and removed the key from the car switch. Then he flashed his light from the front seat on the ginger in a crate in the rear. The officers had no search warrant for F. D. Smith's car, and it was necessary to use a flashlight to see the ginger in the crate on the rear floor.

[1, 2] There was no chemical analysis of the ginger. Four officers testified that they were familiar with the brand, and that it was intoxicating and fit for beverage purposes. The defendant offered no testimony on this or any other subject. The statute does not require that the illegal content of bottles shall be proved by chemical analysis. A search implies some exploratory investigation. It is not a search to observe that which is open and patent, in either sunlight or artificial light. Surely, under the circumstances, it was not an unreasonable search to turn a flashlight on an open automobile.

Affirmed.