UNITED STATES of America

v.

James Rankin PAMPINELLA.

No. 55 CR 53.

United States District Court
N. D. Illinois, E. D.

May 27, 1955.

Robert Tieken, U. S. Atty., Chicago, Ill., for the Government.

Eugene T. Devitt, Chicago, Ill., for defendant.

SULLIVAN, District Judge.

This is a motion by defendant to suppress certain evidence. Defendant was arrested in Florida on June 7, 1954, and there confined in jail. On the following day, acting under a warrant of arrest issued in Chicago charging defendant

and his wife with harboring a criminal, F.B.I. agents placed his wife under arrest and searched their apartment here. In the course of this search, a machine gun (the evidence here sought to be suppressed) was found in a locked suitcase in a closet in the apartment. The complaint charging defendant and his wife with harboring a criminal has been dropped. Several days after the search, defendant was charged in Florida with the illegal possession of the gun, and it is this indictment which is now pending.

The Government relies on the rule that a reasonable search of the person and premises of the person arrested may be made in the course of a lawful arrest. Defendant urges that the arrest of defendant's wife was not a lawful one. I do not find it necessary to rule on this point, since in my opinion the search was an unreasonable one, even assuming for the sake of argument that the arrest was lawful.

Since the decision of United States v. Rabinowitz, 1950, 339 U.S. 56, 70 S.Ct. 430, 94 L.Ed. 653, the reasonableness of a search does not depend on any one criterion, but on what the Supreme Court there described as the "total atmosphere of the case". The opinion declined to set forth any one test, and remarked that "The recurring questions of the reasonableness of searches must find resolution in the facts and circumstances of each case".

One of the facts here is that the agents in charge of the arrest of defendant's wife and the search of his apartment knew that defendant was being held in Florida. The conclusion that the arrest of his wife, lawful or not, was a mere pretext to search for some sort of evidence against defendant is inescapable, and is confirmed by the subsequent dismissal of the harboring charge and the bringing of the present indictment. It is further substantiated by the general and exploratory nature of the search, which could have had no relationship to the harboring charge, and which was apparently made "in the hope that evidence of crime might be found." Go-Bart Importing Co. v. United States, 1930, 282 U.S. 344, 358, 51 S.Ct. 153, 158, 75 L.Ed. 374. The use of an arrest as a pretext for a general exploratory search is of course one to be condemned. Go-Bart Importing Co. v. U. S., supra; United States v. Lefkowitz, 1932, 285 U.S. 452, 52 S.Ct. 420, 76 L. Ed. 877.

The motion to suppress the evidence will be granted.