**Dalton Ezzell PETTEWAY, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 7757.**

United States Court of Appeals
Fourth Circuit.

Argued Nov. 4, 1958.

Decided Nov. 12, 1958.

George Rountree, Jr., and Cicero P. Yow, Wilmington, N. C., for appellant.

Samuel A. Howard, Asst. U. S. Atty., Raleigh, N. C. (Julian T. Gaskill, U. S. Atty., Goldsboro, N. C., on brief) for appellee.

Before SOBELOFF, Chief Judge, and SOPER and HAYNSWORTH, Circuit Judges.

PER CURIAM.

Dalton E. Petteway was convicted of removing and concealing whisky on which the Internal Revenue tax had not been paid and was sentenced to imprisonment for eighteen months, but the sentence was suspended and he was placed on probation for two years. The conviction was based on evidence that the defendant at the time of his arrest by a Revenue agent had in his possession, in his car, seven cases of nontaxpaid whisky, of which two cases were located on the front seat and five cases were in the boot of the car. The ground of the appeal is that the evidence was secured by an illegal search and seizure in violation of the Fourteenth Amendment and that the District Judge wrongfully refused the defendant's motion to suppress it.

The agent observed the defendant's automobile on the public road headed toward Wilmington, North Carolina, in the nighttime. Believing that the automobile belonged to a man who was under suspicion of violating the Internal Revenue Liquor Laws, the agent followed it for approximately three miles and eventually caught and stopped it. The driver of the car alighted and came back to meet the agent. After talking with him a few minutes the agent realized that he had stopped the wrong man and said that he was sorry, but then said he "might as well search" the defendant's car. Thereupon the defendant said "Well, you have caught me" and made no objection to the subsequent procedure. He admitted he had seven cases of nontaxpaid whisky in the car. The agent then placed the defendant under arrest and proceeded to

his car and by using his flashlight was able to see the cases on the front seat before he entered the car. Subsequently he found the remaining five cases in the boot of the car.

██ Under these circumstances the motion to suppress the evidence was properly refused. It is well established that it is not a search to observe what is open and patent either in daylight or in artificial light. United States v. Lee, 274 U.S. 559, 47 S.Ct. 746, 71 L.Ed. 1202; Boyd v. United States, 4 Cir., 286 F. 930; Smith v. United States, 4 Cir., 2 F.2d 715; Safarik v. United States, 8 Cir., 62 F.2d 892, 895; United States v. Strickland, D.C.W.D.S.C., 68 F.Supp. 468. After the discovery of the whisky on the front seat of the car a further search of the vehicle was not only reasonable but was required.

Affirmed.