## HEWITT *v.* STATE

[No. 471, September Term, 1964.]

*Decided March 31, 1966.*

The cause was argued before PRESCOTT, C. J., and HAM-MOND, HORNEY, MARBURY and BARNES, JJ.

*Louis Peregoff* and *John W. Hessian, III,* with whom was *John W. Hessian, Jr.* on the brief, for appellant.

*Jon F. Oster, Assistant Attorney General,* with whom were *Thomas B. Finan, Attorney- General,* and *Frank H. Newell, III,* and *Jerome W. Taylor, State's Attorney* and *Assistant State's Attorney,* respectively, *for Baltimore County,* on the brief, for appellee.

PRESCOTT, C. J., delivered the opinion of the Court.

Appellant Hewitt was tried on April 24, 1964, by Judge Lindsay, sitting without a jury, in the Circuit Court for Baltimore County. He was tried upon a criminal information containing 5 counts; the first charged him with having, on April 2, 1964, broken and entered the outhouse of one Joel Brown with intent to commit a felony therein, to wit, feloniously to steal goods and chattels (this, of course, meant that the goods intended to have been stolen had to be of the value of $100 or

more, Code [1957], Article 27, § 340) ; the second charged him with having broken said outhouse with intent to steal goods of another of the value of $25 or more; the third charged him with having broken and entered the same outhouse, at the same time, with intent to steal goods and chattels under the value of $100 "in violation of Article 27, Section 342" of the Code; the fourth charged him with "on the same day" having stolen $24 of the moneys and properties of Kermit Mowery; and the fifth charged him with receiving stolen goods to the value of $24 of the goods and chattels of the property of Kermit Mowery.[1] Judge Lindsay found appellant "guilty" under the third and fourth counts, without making a specific finding with reference to the remaining counts. This, under Maryland law, was a finding, by implication, of not guilty under the remaining counts.

Hewitt filed a motion for a new trial, which, after Judge Lindsay's demise, was heard and granted by Judge Raine. Upon the new trial, Judge Jenifer, sitting without a jury, found Hewitt guilty under the first count and "not guilty" under each of the other counts. No question of double jeopardy was raised in the trial below by plea, motion or otherwise.

Upon this appeal, counsel, who did not represent appellant below, attempts to raise three questions: (1) double jeopardy; (2) conviction "in violation of due process"; and (3) objects belonging to appellant were seized and improperly admitted into evidence as his arrest was illegal.

## I and II

We shall consider these questions together. Although Number II is couched in such general language that it is difficult to pinpoint exactly what the contention is and how to answer it, it seems to be a claim that the docket entries, and they alone, show the appellant was acquitted in his first trial on the first count of the information (therefore a defense of double jeopardy would have been successful though not made) ; hence, appellant was denied due process of law.

We have repeatedly held and attempted to make clear that Maryland Rule 885 has useful and sound objectives. One of its

---

1. Appellant's "Statement of the Case" ("accepted" by the Assistant Attorney General) does not conform to the Record Extract.

purposes is to prevent the trial of cases in a piecemeal fashion, thereby saving time and expense and accelerating the termination of litigation. Since no questions concerning double jeopardy or denial of due process were raised below, we hold that these questions are not now properly before us. Maryland Rule 885; *Martel v. State,* 221 Md. 294. However, recognizing that the appeal reaches us in a peculiar posture and that appellant probably is entitled to have the question of a possible denial of due process argued and passed upon in a proper proceeding, we shall affirm the judgment, but without prejudice as to that question being raised in a Post Conviction proceeding. *Cf. Harris v. State,* 241 Md. 596.

### III

This leaves for consideration only the question of evidence allegedly improperly admitted because the "fruits" of an illegal arrest. The contention needs no elaborate discussion. Officers on routine patrol discovered that the glass of a storm door had been broken out at the Twin Kiss Drive In. Upon notification, the owner of the premises arrived at the Drive In, and he advised the police that several gumball machines, as well as a cigarette vending machine, were missing from their usual positions. A warning was given over the police radio. The defendant and a companion were picked out, walking along the street, some 800 feet from the Twin Kiss. Appellant had a rag around his hand, which had been lacerated. After he and his companion got into the police vehicle, he threw the rag out of the car. The two men were taken to the Drive In. The police discovered that three gumball machines and a cigarette vending machine (of a total value, with their contents, of probably over $100), which had been rifled, had been asported from the Drive In and left at various spots near the premises. The police retraced their steps and picked up the rag which had been discarded by appellant. It was shown to have been a part of a larger rag that had been in one of the rifled machines. Appellant was taken to the police station, and a number of small coins taken from his pockets. The rag and the coins were offered in evidence.

If we assume, without deciding, that appellant's original arrest (or accosting) was illegal, after the police, working as a

team, saw that valuable property, probably exceeding $100, had been asported from the outhouse broken into and that probably the appellant was the culprit as indicated by the rag thrown away, they then had probable cause to believe that a felony had been committed and appellant had committed it, and his arrest and detention thereafter were legal. *Hall v. State,* 233 Md. 378; *Carter v. State,* 236 Md. 450. The rag was not seized as a result of a search of appellant, and the coins clearly were admissible as having been obtained as the result of a search incidental to a valid arrest.

*Judgment and sentence affirmed.*