## MICHAEL JOSEPH KALANDRAS *v.* STATE OF MARYLAND

[No. 325, September Term, 1968.]

*Decided April 3, 1969.*

G. *Denmead LeViness* for appellant.

*William E. Brannan, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Charles E. Moylan, Jr., State's Attorney for Baltimore City,* and *Howard L. Cardin* and *Edward Garrison Neal, Assistant State's Attorneys for Baltimore City,* on the brief, for appellee.

PER CURIAM.

The appellant, Michael Joseph Kalandras, was convicted of storehousebreaking with intent to steal goods of the value of $100 or more in the Criminal Court of Baltimore by Judge Charles D. Harris, sitting without a jury. He was sentenced to ten years under the jurisdiction of the Department of Correction.

The only issue raised on this appeal is whether appellant was illegally arrested.

From the evidence on the motion to suppress certain evidence at trial the following facts could be found:

Officers William Strickline was on duty on March 20, 1968 at 4:05 a.m. While driving his police car down Mace Street, in Baltimore, he had all of the windows rolled down because of the warm weather. He stopped at the rear parking lot of the Baltimore Car and Truck Rental Company and, while stopped, he heard sounds of "coughing, sneezing and moving" coming from between some trucks parked on the lot. Officer Strickline left his car and entered the parking lot, which was an open lot and had no fences or gates; he observed two male persons sitting on the running board of a truck parked on the north side of the lot. As he approached the men, one slipped off the

running board, went underneath the truck, and was not seen again. The other, the appellant, arose as Officer Strickline approached. Officer Strickline asked the appellant what he was doing there, to which the appellant replied that he had come from a bar and that he was ill. Officer Strickline observed that appellant's eyes were red and that he was crying and coughing, but he was unable to determine the reason for appellant's condition at that time. He also observed that appellant was wearing leather gloves. Officer Strickline took appellant to the police car and required him to sit in the car; he then called over the police radio for assistance. Within two or three minutes Officer Webster and his partner, Officer Shoremann, arrived in another car. Officer Webster searched the parking lot but found nothing. He then went to the Baltimore Car and Truck Rental Company building and found that the rear door was open. He entered the building, saw various tools lying in front of a safe, and noticed a strong odor of what seemed to be tear gas. He left the building and returned to Officers Strickline and Shoremann, informing them of what he had seen. The three officers and appellant then went to the rear door of the building. Officer Strickline observed the tools lying on the floor and noticed a strong smell of tear gas coming from the room. Officer Strickline testified that at this point he "arrested" the appellant. After his "arrest", appellant was taken to the station house. Shortly after his arrival at the station house, appellant's clothes were removed and sent to the crime laboratory for analysis. The clothing was later introduced at trial.

The appellant contends that the initial restraint of appellant's freedom was an arrest made without probable cause and that the clothing later taken from him should for this reason have been suppressed at trial.

We shall assume, *arguendo,* that the initial restraint was an arrest and that it was illegal because made without probable cause, for we think that there was a subsequent arrest of appellant which was legal. When Officer Strickline placed the appellant under arrest and sent him to the station house, he was in receipt of the information regarding the tools lying in front of the safe and the odor of tear gas from Officer Webster, and he had viewed the scene himself. He also knew, from his own ob-

servation, that appellant and another man had been in the parking lot at 4:05 a.m.; that appellant was wearing gloves on a warm night; that appellant's eyes were red and that he was crying and coughing; and that appellant's companion quickly went under the truck and escaped from the area when Officer Strickline approached. We have no difficulty in finding that at the time of the formal "arrest", Officer Strickline had probable cause to believe that the felony of storehousebreaking, Code, Art. 27, § 32, had been committed and that the appellant was the one who committed it. Even if the initial restraint of the appellant were deemed to be illegal, this did not vitiate the subsequent legal arrest in the circumstances here. *Reagan v. State,* 4 Md. App. 590, 598-600 (1968) ; *Mercer v. State,* 237 Md. 479, 481-83 (1965).

We hold, therefore, that at the time appellant's clothes were seized from him he was lawfully under arrest, and that the clothing was properly admitted at trial.

*Judgment affirmed.*