JAMES EDWARD TAYLOR *v.* STATE OF
MARYLAND

[No. 340, September Term, 1969.]

*Decided April 29, 1970.*

404

The cause was argued before MURPHY, C.J., and MOR-
TON, ORTH, and THOMPSON, JJ.

*Harold I. Glaser* for appellant.

*Donald Needle, Assistant Attorney General,* with whom
were *Francis B. Burch, Attorney General, Charles E.
Moylan, Jr., State's Attorney for Baltimore City,* and
*Joseph Harlan, Assistant State's Attorney for Baltimore
City,* on the brief, for appellee.

MURPHY, C.J., delivered the opinion of the Court.

Appellant was convicted at a court trial of unlawfully
possessing and controlling marihuana and methadone and
was sentenced to three years under the jurisdiction of
the Department of Correctional Services. He contends on
this appeal that the trial judge erred in overruling his
objection to the admission of evidence which he claims
was unconstitutionally seized.

Robert Puepke, a Baltimore City police officer, testi-
fied that at 12:15 a.m. on February 27, 1969, he observed
a car occupied by two young men parked in front of a
bar in a high crime area of the city; that he requested
appellant, who was sitting behind the wheel, to show
him his license and vehicle registration because "it's
the younger generation generally observed stealing cars";
that he took these documents which bore appellant's
name (James Edward Taylor) and called police head-
quarters for "verification on a warrant check" and to
determine if the vehicle was stolen; that he was told by
headquarters personnel that there was an outstanding as-
sault warrant for James Edward Taylor; and that as this
was appellant's name and he fit the given description of
the wanted man, he arrested him as he stood outside of

his car. Puepke testified that after arresting appellant he looked into the car and "observed laying on the front seat two brown envelopes, and, from my past experience, knowing that these envelopes are used for narcotic drugs, I examined the envelopes." Puepke discovered a large number of capsules and a leafy substance inside the envelopes. Later examination revealed that the envelopes contained methadone and marihuana and this evidence was admitted at the trial over appellant's vehement objection.

Appellant contends that Officer Puepke had no right to check his driver's license and vehicle registration because at the time, his car was parked and no violation of the law had been observed by the officer. He contends further that even if the officer had such a right, he could not detain him after the license and registration were exhibited. Appellant urges, in effect, that he was under arrest prior to the moment that Officer Puepke observed the brown envelopes in the car, and that as such arrest was illegal, the subsequent seizure of the envelopes was likewise illegal. But even were the arrest found to be legal, as predicated on the outstanding assault warrant,[1] nevertheless it is appellant's final contention that, under *Chimel v. California,* 395 U. S. 752, the police could only make a protective search of his person for weapons, but not of his vehicle, since he was arrested outside of it for a crime of which there are no fruits properly subject to seizure.

Maryland Code, Article 66½, Section 97, provides in relevant part that "Operating [drivers] licenses shall at all times be carried by the licensee when operating a motor vehicle upon the highways of this State, and shall be subject to examination upon demand by a uniformed officer of the law, * * *." Section 31 of the same Article provides that the vehicle "registration card shall be carried at all times in the vehicle to which it refers or shall be carried by the person driving or in control of such ve-

1. The record discloses that the warrant was not for appellant, but for another person bearing the same name.

hicle who shall display the same upon demand of any uniformed officer of the law." That these sections are applicable only to uniformed officers of the law is clear. *See Cornish v. State,* 215 Md. 64. The applicability of the statutes do not, however, depend upon whether the operator has committed some traffic or other violation of law, *Burkett v. State,* 5 Md. App. 211, nor are they inapplicable simply because the vehicle is parked, rather than in actual operation, *Shipley v. State,* 243 Md. 262.

We think Officer Puepke—who the record discloses to have been a uniformed officer—had the right to ask appellant for his driver's license and registration card. We hold that appellant was not placed in an arrest status solely because Officer Puepke sought to verify these documents in the stated manner. And upon learning of the outstanding assault warrant, and being given a description of the wanted person which corresponded to that of appellant, we think the officer had probable cause to make the arrest. *Lievers v. State,* 3 Md. App. 597; *St. Clair v. State,* 1 Md. App. 605. But even if the initial restraint were deemed to be illegal, this would not of itself vitiate the subsequent legal arrest based on the information concerning the outstanding warrant, nor would it taint the subsequent observations made by the officer. *See Hewitt v. State,* 242 Md. 111; *Mercer v. State,* 237 Md. 479; *Kalandras v. State,* 6 Md. App. 480; *Reagan v. State,* 4 Md. App. 590. In either event, in making the arrest of appellant as he stood next to his vehicle on a public street, the officer was in a position where he had every right to be; and in no event could it be deemed a search in the constitutional sense for him to see through the vehicle window objects lying in plain view on the car seat. *See Johnson v. State,* 8 Md. App. 28; *Sweeting v. State,* 5 Md. App. 623. In these circumstances, the rule is settled that where, without a search, the officer sees objects in plain view within a motor vehicle of such a nature as to give him probable cause to believe that the vehicle harbors that which is subject to seizure — whether it be contraband or the fruits, instrumentalities,

or evidences of a crime—he may without a search warrant seize them; and his right to do so does not depend on whether he first had probable cause to make an arrest. *See Johnson v. State, supra,* and cases cited. The officer's right to seize the brown envelopes within the car was not therefore dependent upon, or limited by, the rules authorizing searches and seizures incident to a valid arrest; it depended upon whether he had probable cause to believe that the brown envelopes observed within the vehicle contained prohibited narcotic drugs. It is, of course, the function of the court to determine for itself the persuasiveness of the facts relied upon by the police to show probable cause—a function which it manifestly cannot perform unless it is informed of the facts upon which the officer acted. *Mullaney v. State,* 5 Md. App. 248. In this connection, the expertise of the officer in narcotics cases may be an important factor in assessing the existence of probable cause. *Johnson v. State,* 8 Md. App. 187.

As heretofore indicated Officer Puepke testified that from his "past experience," he knew that the "brown envelopes" which he observed "are used for narcotic drugs." He did not state the basis for or any facts supporting his mere conclusion, nor was his expertise in the field sought to be established. In short, beyond Officer Puepke's "take it or leave it" conclusion that the brown envelopes were used for narcotics, there was nothing before the trial judge to permit him to intelligently assess whether Puepke's belief had a factual basis amounting to probable cause in the constitutional context.

Only the probability, and not a prima facie showing of criminal activity is the standard of probable cause. *Spinelli v. United States,* 393 U. S. 410; *Cornish and Gilman v. State,* 6 Md. App. 167. If that constitutional standard is to be satisfied in the case before us, it must be shown, with specificity, rather than by mere conclusion, why the brown envelopes were recognized by Puepke to be of such distinctive nature and character as would permit him to conclude, based on his particularized ex-

408

pertise, that such envelopes probably contained narcotics. Believing that the State should be afforded such an opportunity, a new trial will be ordered.[2]

*Judgments reversed: case remanded for a new trial.*

---

2. Appellant's reliance upon *Chimel v. California, supra*, is misplaced. Apart from the fact that *Chimel* is not afforded retroactive application, see *Scott v. State*, 7 Md. App. 505, and would therefore not apply to appellant's case, nothing in *Chimel* purports to disturb the settled law, as heretofore set forth, that a motor vehicle can be searched on probable cause alone. See *Di-Natale v. State*, 8 Md. App. 455. Nor does *Chimel* in any way circumscribe the doctrine that where a crime is being committed in the presence of a police officer, he may, without a warrant, make an arrest therefor and conduct a search incident thereto of such scope as was permissible under the then controlling law. We think it reasonably plain that the seizure of the envelopes was not primarily sought to be justified as an incident to the arrest *on the assault warrant*, it being clear that such seizure was wholly unconnected with either a protective search for weapons, or for evidences of the crime of assault for which the arrest was made (there being none apparent in this case).