## LAWRENCE HOWARD ROOP *v.* STATE OF MARYLAND

[No. 86, September Term, 1971.]

*Decided October 22, 1971.*

The cause was argued before MURPHY, C. J., and AN-DERSON and CARTER, JJ.

*Henry J. Noyes* for appellant.

*Gilbert Rosenthal, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General,* and *William A. Linthicum, Jr., State's Attorney for Montgomery County,* on the brief, for appellee.

CARTER, J., delivered the opinion of the Court.

The appellant was convicted by a jury in the Circuit Court for Montgomery County of unlawfully breaking and entering a dwelling house in the nighttime with intent to steal the valuable personal property of another in violation of Maryland Code Article 27, Section 30, (a) and sentenced to five years in prison. He appeals from this judgment.

He contends the judgment should be reversed because: 1) incriminating evidence procured by an unlawful search and seizure was admitted against him over his objection; 2) the evidence was legally insufficient to justify his conviction, and 3) it was prejudicial error for the court to refuse defense counsel the right to argue to the jury after the court's supplemental instructions.

The evidence showed that on the evening of April 11, 1970, at approximately 10:40 Officer Walsh of the Montgomery County Police, while on routine patrol, observed a Chrysler car with its headlights off and its left turn blinker light activated approaching a street intersection in Bethesda at a very slow rate of speed. After the police car passed in front of the Chrysler, the Chrysler turned right instead of left at the intersection, turned its headlights on and accelerated its speed as it traveled in the opposite direction from the police cruiser. The officer, having observed these maneuvers, turned his cruiser around and pursued the Chrysler. After traveling approximately two or three blocks, the Chrysler was observed with its headlights off immediately after it had turned into an adjoining well-occupied school parking lot. The car then parked in the rear of the lot. Immediately after the Chrysler parked, the officer pulled his cruiser into the parking space directly behind it, turned his headlights on high beam and activated his spotlight. The officer then saw the top of the head of a person slouched down in the rear seat. When he walked to the rear window of the car and looked in, he observed two subjects slouched forward and what appeared to be two stereo speakers about twenty inches square. Upon walk-

ing alongside the driver's window, he further observed two other persons slouched down in the front seat. The one on the passenger side was holding what appeared to be a plastic cover for a stereo record player. The car had Virginia license tags. The officer then returned to his cruiser and sent a radio message to police headquarters for assistance. Returning to the Chrysler, he sounded his police whistle for the purpose of summoning the assistance of two Deputy Sheriffs whom he knew were policing a dance at the school. When the whistle sounded, the occupants of the car voluntarily sat up straight and alighted. The appellant exited from the driver's side of the front seat. The officer then directed the occupants to go to the rear of the Chrysler and place their hands on top of it, which they did. He then advised them they were under arrest for investigation for housebreaking and searched their persons. At that time one of the Deputy Sheriffs saw a hunting knife lying on the floor of the front seat and seized it. Later at the police station, it was determined that the appellant's drivers license showed he was a resident of Virginia.

About this time Officers Wisda and Kestel arrived from police headquarters. They looked through the car windows and observed stereo equipment, a radio, some bottles with whiskey and wine labels on them, a large paper bag, and a large wooden box similar in appearance to the type customarily used to keep silverware. After they had been at the scene about fifteen minutes, Officer Wisda entered the Chrysler and drove it to the police station. Officer Kestel and other police personnel simultaneously transported the occupants of the car to the station. A short time thereafter, the police removed the contents from the vehicle. The removal was accomplished out of the presence of the appellant and the other occupants. The police had no information that any particular housebreaking had taken place immediately prior to the arrest and seizure of the contents.

The owner of the articles found in the vehicle, Mr. Bernard Kurcias, testified that when he and his wife re-

turned to their home in Bethesda about 3:00 p.m. on April 12, 1970, after spending the previous night at the beach, they discovered their home had been broken into and articles had been taken. Kurcias promptly notified the police. He later went to the Bethesda police station where he identified the stereo equipment, a radio, a Kodak, a box containing costume jewelry, a carton of cigarettes, a bottle of Brut aftershave lotion, a bottle of whiskey, and two bottles of wine as articles that had been taken from his home. They had all been removed from the Chrysler at the time of the search.

The court heard the testimony of Officers Walsh, Wisda, and Kestel at a pretrial hearing on the appellant's motion to suppress evidence found inside the car and denied the motion. At the conclusion of the case, the appellant also moved for a judgment of acquittal on the basis of the insufficiency of the evidence. This motion was likewise denied.

## WARRANTLESS ARREST—PROBABLE CAUSE

The trial court denied the motion to suppress on the basis that the arresting officer had probable cause to believe a felony (housebreaking)[1] had been committed and that the appellant had committed it. In so holding, the court ruled that the arrest for felony without a warrant was valid and the subsequent search and seizure of articles inside the appellant's car incidental to the arrest was reasonable and lawful. We disagree.

In referring to the well-settled rule that allows a legal arrest to be made without a warrant and holds that a search and seizure incident thereto is constitutionally reasonable under the Fourth Amendment, this Court speaking through Judge Orth, said in *Winebrenner v. State,* 6 Md. App. 440 at 442-443:

> "Where an arrest is valid, a search and seizure incident thereto is reasonable and evidence so obtained is properly admissible. *McRae v.*

---

1. *Md. Code* Art. 27 § 30(a) and (b) makes housebreaking with intent to steal a felony.

*State,* 3 Md. App. 388; *Hutchinson v. State,* 1 Md. App. 362. Where evidence is seized as a consequence of an invalid arrest, absent voluntary consent to a search, it may constitute prejudicial error to not exclude it when it is properly challenged. *McCarthy v. State,* 2 Md. App. 400; *Randolph v. State,* 1 Md. App. 441. A warrantless arrest by a police officer is valid where he has probable cause to believe at the time of the arrest that a felony had been committed and that the arrestee had committed it. *Robinson v. State,* 4 Md. App. 515, 522. Where the offense is a misdemeanor the rule is that a warrantless arrest by a police officer is valid where he has probable cause to believe that a misdemeanor has been or is being committed in his presence or view and that the arrestee is the misdemeanant. *Salmon v. State,* 2 Md. App. 513, 522. See *Ramsey v. State,* 5 Md. App. 563, 568. * * *"

In defining probable cause, we said in *Sands v. State,* 9 Md. App. 71 at 76:

"* * * The general rule is that probable cause * * * exists when the facts and circumstances within the knowledge of the arresting officer * * * are sufficient to warrant a reasonably cautious person in believing that a felony had been committed by the person arrested. *Simms v. State,* 4 Md. App. 160, 166-167. * * *"

In *Brown v. State,* 5 Md. App. 367, we held that probable cause to believe a person had committed an offense in a constitutional sense required more evidence than would arouse a mere suspicion but less than required for a conviction. See also *Edwardsen v. State,* 243 Md. 131, 136.

The facts relied upon here to establish probable cause to believe that a felony (housebreaking) had been com-

mitted by the appellant were: 1) the presence in his car of a quantity of stereo equipment and other articles observed by the police while the car was in a residential district in the nighttime, and 2) his actions in operating the car in a manner which indicated he was attempting to elude the police.

While the presence in the car of a quantity of stereo equipment and the other articles seen by the police may have been sufficient under the circumstances to arouse the officer's suspicion that they were unlawfully acquired, their presence was also consistent with a reasonable belief that the appellant had acquired possession of them by lawful means. Furthermore, the actions of the appellant which were interpreted by the arresting officer as an attempt to avoid arrest for felony (housebreaking) were likewise reasonably susceptible of interpretation as an attempt to avoid apprehension for some cause other than housebreaking. We are therefore unable to conclude solely from these circumstances that a reasonably cautious police officer would have been justified in believing that a felony (housebreaking) had been committed and that the appellant had committed it. The absence in this case of information by the arresting officer of any recent housebreakings having taken place in the area of the arrest materially affects the basis for a reasonable belief that a housebreaking had taken place. In *Mercer v. State,* 6 Md. App. 370, we said at 373:

> "* * * Since the officers had no prior knowledge of the crime the probable cause, if it existed, has to be found in what came to the officers' senses at the time of the arrest. And this information must, of course, be much stronger than if the prior knowledge had existed. * * *"

See also *Sands v. State, supra* at pages 71-77; *Brown v. State, supra,* at page 370.

We therefore hold that the trial court was clearly in error in finding that probable cause existed for the police officer to arrest the appellant without a warrant for

having committed a felony (housebreaking). His warrantless arrest on this basis being illegal, the subsequent search of his car as incident thereto was likewise unreasonable and illegal. See *Winebrenner v. State, supra.*

## ARREST FOR MOTOR VEHICLE MISDEMEANOR

The appellee contends that even though the appellant's warrantless arrest for a felony may have been illegal; nevertheless, since the appellant committed motor vehicle violations in the officer's presence,[2] there existed in fact sufficient legal grounds for his arrest even though he was not arrested on this basis. The appellee relies for support of its position upon the holdings in *Shelton v. State,* 3 Md. App. 394, 398-399; *Dixon v. State,* 1 Md. App. 623, 626; and *Crumb v. State,* 1 Md. App. 98, 107. The undisputed evidence clearly shows that the appellant did commit two traffic offenses in the presence of the officer which were misdemeanors under the motor vehicle law.[3] In view of the fact that the appellant was a non-resident of Maryland at the time, he was subject to full custody arrest and was not entitled to a summons in lieu thereof.[4] We hold therefore that legally sufficient grounds did exist to support the trial court's ruling that the arrest was valid.

However, this Court has held that for a search of a motor vehicle incident to an arrest for a traffic violation to be considered reasonable in a constitutional sense, the arresting officer must have reasonable grounds to believe that such a search is necessary for his own safety or to prevent an escape of the arrestee. In arrests for this type of offense, there is no physical evidence of the crime existing which could be destroyed by the arrestee and therefore this factor need not be considered as a pur-

---

2. (1) Failing to display headlights after dark in violation of then *Md. Code* Art. 66½ § 271(a) [now Art. 66½ § 72-301, 12-203] (2) Turning off lights to avoid identification, then *Md. Code* Art. 66½ § 215 [now Art. 66½ § 11-1112].

3. See footnote 2.

4. *Md. Code* Art. 66½ § 321 [now Art. 66½ § 16-109, 16-107] providing for the issuance of summons in lieu of arrest for the type of offenses here involved, applies to Maryland residents only.

pose to be served in conducting a search incident to the arrest. In *Shelton v. State,* 3 Md. App. 394, we said at page 399:

> "* * * In determining, therefore, whether a search for weapons or means of escape is valid following a full custody arrest for a traffic offense, we think the test to be applied is one of reasonableness, *viz.,* whether, under all the circumstances the officer had reasonable grounds to believe that a search was necessary for his own safety or to prevent an escape."

See also *Lewis v. State,* 2 Md. App. 678, 685. In this case, the search occurred when the police entered the vehicle for that purpose at the police station. See *St. Clair v. State,* 1 Md. App. 605, 619. Plainly under the facts of this case where the appellant was not even physically present at the scene of the search but was then safely in police custody, the arresting officer was not justified in believing that a search of the vehicle was necessary for his safety or to prevent the escape of the arrestee. We hold therefore that even though the arrest for traffic violations was valid, the search subsequently conducted at the police station was not reasonable as being incident thereto.

## PLAIN VIEW DOCTRINE

Even though we have concluded that the warrantless arrest for felony was invalid and the search incidental to the arrest for misdemeanors was unreasonable for the reasons assigned, these conclusions would not in and of themselves preclude us from holding that a seizure of the contents in plain view of the police at the time of the arrest was lawful under appropriate circumstances. In *Taylor v. State,* 9 Md. App. 402, this Court in speaking on this subject through Chief Judge Murphy, said at 406:

> "* * * the rule is settled that where, without a search, the officer sees objects in plain view

> within a motor vehicle of such a nature as to give him probable cause to believe that the vehicle harbors that which is subject to seizure — whether it be contraband or the fruits, instrumentalities, or evidences of crime — he may without a search warrant seize them; and his right to do so does not depend on whether he first had probable cause to make an arrest. See *Johnson v. State, supra* [8 Md. App. 28]. * * *"

See also *Sweeting v. State,* 5 Md. App. 623. However, for the reasons previously assigned, we further conclude that under the circumstances of this case a reasonably cautious police officer would not have been justified in believing that the articles in his plain view from outside the vehicle were stolen property or otherwise evidence of crime. This holding takes into consideration the additional articles observed by Officers Wisda and Kestel at the scene of the arrest that were not seen by the arresting officer. Therefore, we hold that the seizure was likewise unreasonable and illegal under the plain view doctrine.

We conclude that the trial court's denial of the appellant's motion to suppress was clearly in error and was prejudicial. In view of this holding, we do not reach the remaining contentions of the appellant.

> *Judgment reversed; case remanded for a new trial.*