COMMONWEALTH *vs.* GEORGE WARE.

Suffolk.    June 7, 1977. — July 12, 1977.

Present: HALE, C.J., GOODMAN, & GRANT, JJ.

*Attempt. Kidnapping. Practice, Criminal,* Charge to jury.

Where, at the trial of an indictment for attempt to kidnap, the judge's charge and further instructions, taken as a whole, did not make clear the requirement that the defendant must have intended to cause the victim to be secretly confined and imprisoned, it was reversible error for him to refuse the defendant's request for an instruction that proof of specific intent was required for conviction of the offense charged. [507-510]

INDICTMENT found and returned in the Superior Court on September 11, 1975.

The case was tried before *Roy,* J.

*Andrew Good* for the defendant.

*Frances M. Burns,* Assistant District Attorney (*Edward M. Burns* with her) for the Commonwealth.

GRANT, J.    The defendant has been convicted by a jury (1) on so much of an indictment for assault by means of a dangerous weapon as alleges a simple assault[1] and (2) on

---

[1] The assault indictment was placed on file, with the defendant's assent. As the defendant agrees in his brief, no question concerning that indictment is now before us. *Commonwealth* v. *Delgado,* 367 Mass. 432, 437-438 (1975). We refer to that indictment only because it sheds light on the defendant's requests for instructions to the jury and on the judge's charge to the jury.

an indictment for attempt (G. L. c. 274, § 6[2]) to kidnap (G. L. c. 265, § 26, as appearing in St. 1971, c. 900[3]).

The defendant's liability (if any) under either indictment turned on whether the jury would believe the testimony of a young girl to the effect that she had been assaulted and grabbed on a sidewalk by one Lincoln,[4] who had then dragged her in the direction of a waiting automobile which had been driven to the scene by the defendant and in which he was then seated. The salient features of the girl's testimony are adverted to in the portions of the judge's charge to the jury which have been reproduced in the appendix to this opinion.[5] The abduction (if one was intended) was frustrated by the arrival of a police cruiser and its occupants.

1. At the conclusion of the evidence the defendant submitted a written request for an instruction that "the offenses charged in this case require proof of specific intent before the defendant can be convicted." The request was satisfied with respect to assault but explicitly denied with respect to kidnapping (see the parts of the charge prefaced by [3], [6] and [7]). That denial is the subject of one of the assignments of error which have been argued by the defendant.

One of the elements of the crime of attempt (G. L. c. 274, § 6; note 2, *supra*) is an intention to commit a substantive crime. *Commonwealth* v. *McLaughlin,* 105 Mass. 460, 463 (1870). *Commonwealth* v. *Cline,* 213 Mass. 225, 225 (1913).

---

[2] "Whoever attempts to commit a crime by doing any act toward its commission, but fails in its perpetration, or is intercepted or prevented in its perpetration, shall ... be punished ...."

[3] "Whoever, without lawful authority, forcibly or secretly confines or imprisons another person within this commonwealth against his will, ... or forcibly seizes and confines or inveigles or kidnaps another person, *with intent* ... to cause him to be secretly confined or imprisoned in this commonwealth against his will ... shall be punished ...." (emphasis supplied). The attempt indictment tracks the "intent" language of this section.

[4] Lincoln was not tried with the defendant.

[5] The numbers in brackets in the appendix have been inserted by us for ease of reference in the body of the opinion; the italics are ours.

*Commonwealth* v. *Cooper,* 264 Mass. 368, 371-372, 374 (1928). Perkins, Criminal Law, 573 (2d ed. 1969). One of the essential elements of the crime of kidnapping under the statute is the intention "to cause [the victim] to be secretly confined or imprisoned . . . against his will." G. L. c. 265, § 26 (note 3, *supra*). *Commonwealth* v. *Nickerson,* 5 Allen 518, 528 (1863).[6] Accordingly, there can be no conviction on an indictment for attempt to kidnap unless the Commonwealth proves to the satisfaction of the trier of fact that the defendant had the intention to cause the victim to be secretly confined or imprisoned against his will. Such was the thrust of the defendant's request for an instruction, and the question for determination on this branch of the case is whether the charge was framed in such fashion that the jury could not reach the wrong conclusion. *Commonwealth* v. *Carson,* 349 Mass. 430, 435 (1965).

The first and most obvious difficulty is that the judge's only definition of kidnapping ("simply the seizing and confining of a person against his or her will"; [1] of the charge) omitted any reference to the requirement that the defendant must have intended to cause the alleged victim to be secretly confined or imprisoned. That definition was followed by a somewhat oblique definition of attempt to kidnap as "something affirmatively done toward the end of seizing and confining this young lady" ([2]); but whether the words "end of seizing and confining" were intended to refer to the defendant's immediate intention or to his ultimate objective is unclear, particularly in view of the use of the explicit words "intentional" (twice) and "intentionally" in the immediately ensuing definition of an assault and battery ([3]).

We do not think the multiple use of the word "plan" ([4] and [5]) contributes anything to the solution of the present question; read in context, that word was employed

---

[6] The *Nickerson* case was decided under Gen. Sts. c. 160, § 30, which also spoke in terms of a seizure or confinement "with intent . . . to cause [the victim] to be secretly confined or imprisoned . . . against his will."

for the purpose of describing the elements of a common enterprise or joint venture rather than the requisite intent to confine or imprison. Indeed, in [5] the words "plan here to grab this young lady" were followed immediately by words which are susceptible to the interpretation that the requisite intent is unimportant, namely, "for whatever purpose you're not sure." The possibility that the judge may actually have thought the "purpose" unimportant is suggested by his differing reactions to the defendant's further requests concerning specific intent ([7] "I won't give that") and common enterprise ([8] "I think I have sufficiently covered that").

We turn now to the further remarks made by the judge in response to the jury's question whether they could properly convict the defendant of an attempt to kidnap if they were to reject the allegation of the indictment to the effect that a knife had been used in connection with the attempt. Here we find "successive and opposed sets of instructions" (*Commonwealth* v. *Corcione,* 364 Mass. 611, 616 [1974]). The judge did tell the jury that they must be satisfied beyond a reasonable doubt that the "purpose" of grabbing the girl and attempting to pull her into the automobile was to "take her away against her will and without her consent" [(11)]. However, that advice must be evaluated in the light of (a) the preceding summary of the allegations of the indictment ([9]), which omitted any reference to the charge that the acts in question had been done "with intent to cause [the victim] to be forcibly and secretly confined and imprisoned," and (b) the renewed definition of kidnapping as "simply 'forcibly seizing and confining the victim'" ([10]). The jury demonstrated a disposition to convict on the basis of the evidence they had heard and the instructions they had already received. If we assume that they listened to anything other than the answer to their particular question, they were necessarily faced with confusion on a crucial aspect of the case.

We conclude that the "impression left with the jury by the charge [and further instructions] as a whole" (*Commonwealth* v. *Ramey,* 368 Mass. 109, 114 [1975]) was er-

roneous and that the defendant should have a new trial on the indictment for attempt to kidnap.

2. We need not dwell on any of the defendant's arguments concerning the sufficiency of the charge on the subject of common enterprise or joint venture. See *Commonwealth* v. *Benders*, 361 Mass. 704, 707-708 (1972). It is not likely that the charge on this aspect of the case will be repeated verbatim at a new trial, and we think it enough for present purposes to note the possibility that the inadequate and conflicting instructions on intent to confine or imprison may have influenced the jury to conclude that the defendant was engaged with Lincoln in some form of general plan which boded ill for the girl. Compare *Commonwealth* v. *Corcione*, 364 Mass. at 614-615.

3. The only other question which has been argued will not recur at a new trial.

The judgment on indictment No. 93195 is reversed, and the verdict on that indictment is set aside.

*So ordered.*

APPENDIX

"Ware is charged, first of all, with attempted kidnapping. [1] *Kidnapping is simply the seizing and confining of a person against his or her will,* accomplished either by physical violence or by the threat of violence and putting a person in fear, so that if this young lady whom you've heard had been seized violently or threatened and put in fear and grabbed and put into that automobile and driven off, *that would constitute the crime of kidnapping.*

[2] "Here the charge isn't *full* kidnapping. It's attempted kidnapping, something affirmatively done *toward the end of seizing and confining this young lady.*

"The other charge is assault by means of a dangerous weapon, to wit, a knife. In order to have you understand what an assault is, first of all I'm going to tell you what an assault and battery is, which is a different offense than an assault.

"[3] An assault and battery is an *intentional,* unjustified use of force, no matter how slight, upon the person of another. It must be *intentional,* it must be unjustified, and there must be some force used upon the person.

"The gist of the offense is the invasion of the privacy of the person. If I were to come up to any one of you on the street as a total stranger and I *intentionally* and with[out] any justification pushed you on the shoulder, even though no physical harm occurred as a result of that, that would be an assault and battery.

"An assault, which is all that's charged in this indictment, is an offer or an attempt or a threat to commit a battery. . . .

"This is an aggravated assault, as charged in this indictment, because it is alleged that that was committed by means of a dangerous weapon."

. . . ⸺ . . . .

[4] "Now, how does Ware fit into this picture? It isn't alleged and the evidence does not indicate that he was the man who did anything on that street corner or on the sidewalk to this young lady. Simply that he drove the car.

"Now, how may he be involved in this situation? It's because of a principle of law known as common enterprise or a joint venture. The law says that if two or more people combine together for the purpose of committing a crime and each is present and doing something toward the perpetration of that offense and it's part of a common *plan,* the act of one becomes the act of all."

. . . . . . .

"Now, here's a situation in which you must determine, first of all, whether or not those offenses were committed by the other man [Lincoln]. If there's a reasonable doubt in your mind, you are to acquit this defendant and find him not guilty.

"On the other hand, if you are satisfied beyond a reasonable doubt that an assault was committed upon [the victim] and that there was an attempted kidnapping here, then you must inquire what if any participation this defendant Ware had in those incidents.

"The mere fact that he was present is not enough for a person to be liable *for the acts of his confederates. He must have joined in a plan,* done something, and have joined in the *plan* to such an extent that he was furthering the purpose of the illegal enterprise.

"Now, if you accept as a fact the situation that this man was driving the car, you must then consider what his actions were. Did he drive up after a noticing of this young lady? Did he drive up a one-way street the wrong way and go up and make a U-turn and park there, turn the headlights out, wait for the approach of this young lady? What happened then? [5] Are you satisfied beyond a reasonable doubt that there was a *plan* here to grab this young lady *for whatever purpose you're not sure,* but you may infer from all the circumstances, and was he part of that *plan?* That's for you to say.

"So that if there's a reasonable doubt in your mind that an attempted kidnapping occurred, you are to acquit this defendant. If you're satisfied of that beyond a reasonable doubt but there is reasonable doubt in your mind that he was part of the *plan,* you are to acquit him.

"On the other hand, if you are satisfied beyond a reasonable doubt that there was an attempted kidnapping, that this man was part of that common venture and you're satisfied of that beyond a reasonable doubt, he is to be found guilty. . . ."

. . . . . . .

COUNSEL FOR THE DEFENDANT: "May I approach the bench?"
THE JUDGE: "Yes."

Commonwealth *v.* Ware.

"(Bench conference)"

COUNSEL FOR THE DEFENDANT: [6] "If your Honor please, first of all, your Honor, in my written requests I have asked that you instruct on specific intent, because that is an element of both the attempt of the crime and the assault with a dangerous weapon, in this context, and for that reason I would ask your Honor to distinguish between general and specific intent."

THE JUDGE: [7] "I won't give that, and I will save your exception."

·  ·  ·  ·  ·  ·  ·

COUNSEL FOR THE DEFENDANT: "And then, in addition, your Honor, there are in my requests indications that failure to take affirmative steps to prevent the crime — merely being present is not enough, and I'd like your Honor to distinguish between — you said that the defendant may or may not have driven the car. It's significant under the law at which time your Honor is referring to, that is, before the alleged act took place and thereafter, because the law is very clear that activity in concealing the crime is not an element of common enterprise."

THE JUDGE: [8] "Well, I think I have sufficiently covered that. I'll save your exception."

·  ·  ·  ·  ·  ·  ·

[Here the jury retired to deliberate.]

·  ·  ·  ·  ·  ·  ·

THE JUDGE: "Mr. Foreman and ladies and gentlemen of the jury, I have received a communication from your Foreman which I shall read in a moment. It relates to Indictment 93195, which charges the defendant Ware with the offense of attempted kidnapping.

[9] "The allegations of the indictment accuse Ware of attempting, without lawful authority, to forcibly seize and confine and kidnap [the victim], and in such attempt did threaten the said [victim] with a knife and did order her to get into the motor vehicle, and did pull her toward the said motor vehicle, but the offense failed because of a prevention and an interception.

"Now, the question which is addressed to me by the Foreman is this:

" 'The indictment associated with the attempted kidnap charge mentions a knife use. Can we exclude the word " 'knife' " in the indictment and vote on it this way?'

"I say yes, with this explanation: [10] *The crime of kidnapping is simply 'forcibly seizing and confining the victim.'* That may be accomplished with or without a knife, depending upon the manner in which you find as a fact that it occurred. The attempt must be shown in some fashion by an affirmative action, whether it's with or without the knife.

"The Commonwealth is not restricted to proof of the knife, if you're satisfied beyond a reasonable doubt that this *plan* did something — not just words — did something, grabbed this girl, attempted to pull her in. If there's a reasonable doubt in your mind that a knife was involved

in that but that she was grabbed in some fashion [11] *and the purpose of that was to put her into that automobile and take her away against her will and without her consent, then the crime of attempted kidnapping would be completed.*

"You may retire and continue your deliberations."