COMMONWEALTH *vs.* GEORGE WARE.

Suffolk. February 6, 1978. — April 27, 1978.

Present: HENNESSEY, C.J., QUIRICO, KAPLAN, WILKINS, & ABRAMS, JJ.

*Attempt. Kidnapping. Practice, Criminal,* Charge to jury.

At the trial of an indictment charging the defendant with an attempt, "without lawful authority, to forcibly seize, confine and kidnap [the victim] with intent to cause her to be forcibly and secretly confined and imprisoned within the said Commonwealth against her will and to be held to service against her will," the judge's failure to instruct the jury that the crime of attempt requires an intent to commit a substantive crime was reversible error. [119-120]

INDICTMENT found and returned in the Superior Court on September 11, 1975.

The case was tried before *Roy, J.*

After review by the Appeals Court, the Supreme Judicial Court granted leave to obtain further appellate review.

*Frances M. Burns,* Assistant District Attorney, for the Commonwealth

*Andrew Good* for the defendant.

WILKINS, J. The defendant was convicted on an indictment which charged him with an attempt, "without lawful authority, to forcibly seize, confine and kidnap [the victim] with intent to cause her to be forcibly and secretly confined and imprisoned within the said Commonwealth against her will and to be held to service against her will." The Appeals Court reversed the conviction on the ground that the trial judge failed to give adequate instructions concerning the requisite intent to commit the crime. *Commonwealth* v. *Ware,* 5 Mass. App. Ct. 506, 509-510 (1977). We granted the Commonwealth's application for further appellate review. We agree that the judge's charge on the question of intent was inadequate and we reverse the judgment.

We also agree with the Appeals Court that the crime of attempt involves an intent to commit a substantive crime. *Id.* at 507. See *Commonwealth* v. *Hebert,* 373 Mass. 535, 537 (1977). The judge never so instructed the jury, although the defendant adequately raised the point by a request for such an instruction. No clear and fair implication that such an intent was required can be found from reading the charge as a whole.

The Commonwealth argues that a crime can be made out under G. L. c. 265, § 26, without proving any criminal intent.[1] It well may be that the first clause of § 26 —

---

[1] The first sentence of G. L. c. 265, § 26, as appearing in St. 1971, c. 900, reads as follows: "Whoever, without lawful authority, [1] forcibly or secretly confines or imprisons another person within this commonwealth against his will, or [2] forcibly carries or sends such person out of this commonwealth, or [3] forcibly seizes and confines or inveigles or kidnaps another person, with intent either to cause him to be secretly con-

"[w]hoever, without lawful authority, forcibly or secretly confines or imprisons another person within this commonwealth against his will . . . shall be punished" — states a crime which does not require a specific criminal intent. See *Commonwealth* v. *Nickerson,* 5 Allen 518, 528 (1863), which dealt with Gen. Sts. c. 160, § 30, a statute substantially the same as § 26. However, an attempt to commit that crime, as with any other attempt, does require a specific intent.

We note that the indictment appears to be derived from the third clause of § 26, and we agree with the Appeals Court that the third clause does require an intent to commit the crime. *Commonwealth* v. *Ware, supra* at 507. That clause reads "[whoever] *forcibly seizes and confines or inveigles or kidnaps another person, with intent either to cause him to be secretly confined or imprisoned in this commonwealth against his will . . . or in any way held to service against his will, shall be punished*" (emphasis supplied). Even if we were to ignore the allegations of the indictment incorporating language from the third clause of § 26 as surplusage (*Commonwealth* v. *A Juvenile,* 365 Mass. 421, 440 [1974], *Commonwealth* v. *Farren,* 9 Allen 489, 491 [1864], and *Commonwealth* v. *Squire,* 1 Met. 258, 261 [1840]), leaving only those words which parallel the language of the first clause of § 26, the failure to instruct on intent to attempt that crime requires reversal.

We see no need to discuss the other issues raised by the defendant's appeal. The judgment of the Superior Court on indictment No. 93195 is reversed, and the verdict on that indictment is set aside.

*So ordered.*

---

fined or imprisoned in this commonwealth against his will, or to cause him to be sent out of this commonwealth against his will or in any way held to service against his will, shall be punished by imprisonment in the state prison for not more than ten years or by a fine of not more than one thousand dollars and imprisonment in jail for not more than two years."

The clauses referred to in this opinion as the first, second, and third are preceded in the above quotation by [1], [2], and [3], respectively.