COMMONWEALTH *vs.* LAWRENCE A. SCHILLER.

Plymouth. December 6, 1978. — January 2, 1979.

Present: HENNESSEY, C.J., BRAUCHER, KAPLAN, LIACOS, & ABRAMS, JJ.

*Motor Vehicle,* Operation. *Words,* "Operating or in charge of."

Evidence that a defendant was neither in a vehicle nor in such physical proximity to a vehicle that he might drive away when asked to produce his license and registration by a police officer required that a verdict be directed on a charge of failing to produce his license and registration on demand in violation of G. L. c. 90, § 25. [12-13]

COMPLAINT received and sworn to in the District Court of Brockton on September 27, 1976.

On appeal to the Superior Court the case was tried before *Banks,* J., a District Court judge sitting under statutory authority.

After review was sought in the Appeals Court, the Supreme Judicial Court, on its own initiative, ordered direct appellate review.

*James A. Frieden* for the defendant.

*John P. Corbett,* Assistant District Attorney, for the Commonwealth.

BRAUCHER, J. The defendant was charged with driving to endanger, disturbing the peace, assault and battery on a police officer, and failing to produce his license and registration on demand. The judge directed a verdict on the charge of disturbing the peace, and the jury returned a verdict of not guilty on the assault and battery charge and verdicts of guilty on the remaining charges. The defendant appeals only from his conviction of failing to produce his license and registration on demand in violation of G. L. c. 90, § 25. We reverse and hold that the demand was improper because at the time of demand, the defendant was not "operating or in charge of a motor vehicle," a condition precedent to application of G. L. c. 90, § 25.

The following facts appear from the bill of exceptions. While on a private duty detail at the Brockton Public Market at 4:30 P.M. on Saturday, September 25, 1976, an officer of the Brockton police department asked the defendant to move his car, which was blocking the market's entrance ramp. The defendant, swearing at the officer, "burned rubber" and sped off. The officer made a note of the license plate number and called the police station for a computer check on the owner of the car. The computer report read "no response," indicating to the officer that the car either was unregistered or had been registered very recently. From inquiries at the market, the officer learned that the driver's name was either Lawrence Schiller or Lawrence Katz and that he lived on either Moncrief Road or Lookoff Street in Brockton.

The officer's private shift at the market ended at 10:15 P.M. At 3:30 A.M. the next morning, during his regular midnight to 8 A.M. shift for the Brockton police department, the officer saw the defendant's car in the driveway of a house on Moncrief Road. In uniform, he knocked on the door of the house and, when the defendant opened the

door, put his foot in the door so it could not be closed. He asked to see the defendant's license and registration. The defendant identified himself and asked whether the officer had a warrant. Although the testimony was in conflict, it appears that a struggle ensued and the defendant was arrested.

General Laws c. 90, § 25, provides, in relevant part, "Any person who, while operating or in charge of a motor vehicle, shall refuse, when requested by a police officer, to give his name and address ... or who shall refuse or neglect to stop when signalled to stop by any police officer who is in uniform or who displays his badge conspicuously on the outside of his outer coat or garment, or who refuses, on demand of such officer, to produce his license to operate such vehicle or his certificate of registration, ... shall be punished by a fine of not less than twenty-five nor more than one hundred dollars." The defendant argues that when demand was made, he was not "operating or in charge of" his car within the meaning of § 25, and that if the statute sanctions the kind of demand made in this case, it is unconstitutional.

We need not address the defendant's constitutional arguments because we agree with him that "operating or in charge of" connotes active control of a vehicle by a driver placed either in the vehicle or in such physical proximity that he might drive away. Although we have never had occasion to discuss the language at issue here, all our cases dealing with application of G. L. c. 90, § 25, have involved on-the-spot inquiries of motorists who were physically in their cars. See, e.g., *Commonwealth* v. *Clinton*, 374 Mass. 719 (1978); *Commonwealth* v. *Garreffi*, 355 Mass. 428, 431 (1969); *Muniz* v. *Mehlman*, 327 Mass. 353, 358 (1951). We have also held that the motorist's duties under § 25 are triggered only by a proper demand. See *Commonwealth* v. *Materia*, 350 Mass. 785 (1966) (officer not in uniform); *Commonwealth* v. *Sullivan*, 311 Mass. 177, 178 (1942) (same).

The Commonwealth argues that the plain meaning of "in charge of" implies the exercise of general dominion over a vehicle or the right to control it. Such broad notions of control may be appropriately suggested by the same words in other contexts. See *Schroeder* v. *C. F. Braun & Co.*, 502 F.2d 235, 241 (7th Cir. 1974) (violation of scaffolding act); *Columbia Helicopters, Inc.* v. *Transport Indem. Co.*, 428 F.2d 1385, 1388 (9th Cir. 1970) (insurance contract claim); *United States* v. *Mackin Constr. Co.*, 388 F. Supp. 478, 480 (D. Mass. 1975) (violation of oil spill reporting act). In the context of § 25, however, "operating or in charge of" plainly refers to a more specific and immediate physical control. Cases from other jurisdictions construing similar motor vehicle statutes are not to the contrary. See *People* v. *Francis*, 4 Ill. App. 3d 65, 67 (1971) ("operating" requires more than intent to operate); *Taylor* v. *State*, 9 Md. App. 402, 405-406 (1970) ("in control" covers sitting in driver's seat of parked car).

Nothing we say is intended to indicate approval of the defendant's conduct which led to his conviction for driving to endanger. But there was no evidence of the required control over the vehicle at the time of the demand for his license and registration. His motion for a directed verdict on the § 25 charge should therefore have been granted. The judgment is reversed and the verdict set aside. A judgment of not guilty is to be entered.

*So ordered.*