COMMONWEALTH *vs.* STEPHEN J. D. STOUTE. December 10, 1980. The appeal has been limited to the defendant's convictions on the indictments alleging assault by means of a dangerous weapon (G. L. c. 265, § 15B) and kidnapping (G. L. c. 265, § 26); no question has been raised as to the convictions on the indictments drawn under G. L. c. 90, § 24(2)(*a*), and G. L. c. 266, § 18, or as to any of the four indictments (one of them containing three counts) on which the defendant was acquitted. 1. It is not clear to us that the remarks which were made by the defendant's trial counsel in the portion of his closing argument directed to the indictment

for assault and which are now relied on by appellate counsel to support a claim of ineffective assistance of counsel should be read as a concession of the defendant's guilt on that indictment (see *Commonwealth* v. *LeBlanc*, 364 Mass. 1, 13 [1973]) rather than as a concession that the evidence was sufficient to warrant a finding of guilt (see *Commonwealth* v. *Dunker*, 363 Mass. 792, 797 [1973]). If we were to read those remarks as a concession of guilt, we would not conclude that the defendant should have a new trial on the indictment for assault. Although it would have been possible to advance an argument of innocence on that indictment, based on the cross examination of the victim and some of the testimony of the defendant, counsel was forced to reckon (a) with several damaging admissions which the defendant had made in the course of insisting on giving unresponsive answers to questions put to him on his direct and cross examination (all contrary to the advice of his counsel and the admonitions of the judge), (b) with the testimony of the victim to the effect that the defendant had put a knife to her throat and (c) with the defendant's confession to the police, which was to the same effect (see *Commonwealth* v. *LeBlanc*, 364 Mass. at 5-6; *Commonwealth* v. *Adams*, 374 Mass. 722, 729 [1978]; *Commonwealth* v. *Brady*, 380 Mass. 44, 56-57 [1980]). Counsel had to weigh those difficulties against the need for advancing some kind of argument in the defendant's behalf on the more serious charge of kidnapping. Counsel would appear to have chosen the course of conceding guilt on the less serious offence of assault in an effort to persuade the jury to mitigate punishment by acquitting on the more serious offence of kidnapping. Compare *Commonwealth* v. *LeBlanc*, 364 Mass. at 13-14. See also *Commonwealth* v. *Brown*, 9 Mass. App. Ct. 609, 612 (1980). In the circumstances, and still assuming that the challenged remarks should be read as a concession of guilt, we would conclude that counsel employed a trial tactic which we could not pronounce "manifestly unreasonable" or "beyond the range of reasonableness." See *Commonwealth* v. *Adams*, 374 Mass. at 727-730. Contrast *Commonwealth* v. *Bolduc*, 375 Mass. 530, 533-534, 542-543 (1978); *Osborne* v. *Commonwealth*, 378 Mass. 104, 113-115 (1979). 2. In view of the evidence of guilt on the question of kidnapping which is referred to in part 3 hereof, we are not persuaded that counsel's concession on the question of assault (however that concession is to be read) influenced the jury's verdict on the indictment for kidnapping. 3. In the course of his charge to the jury the judge had given them the usual instructions to the effect that their verdicts should be based solely on the evidence before them and that they should not be influenced by what they might believe he thought the facts were ("No reference to the facts that I make during the course of these instructions should affect you as to how you find the facts . . . because quite bluntly and quite frankly the facts are none of the judge's business"). Trial counsel failed to object (Mass.R.Crim.P. 22, 378 Mass. 892 [1979]) to the judge's inadvertent misstatement of a portion of the evidence in the course of his supplementary instructions on the subject of kidnapping. The indictment for that offence

had been drawn under the first clause of G. L. c. 265, § 26, and alleged simply that the defendant "did without lawful authority forcibly and secretly confine and imprison" the victim named therein. Contrast *Commonwealth* v. *Ware*, 5 Mass. App. Ct. 506, 507 n.2 (1977), *S.C.*, 375 Mass. 118, 119-120 (1978). It was open to the jury to find from the defendant's own testimony that he had committed each of the elements of the offence alleged, either when he bound and gagged the victim in her apartment or when he forced her (still bound) to accompany him from there to her sister's apartment. In the circumstances, we see no substantial risk of a miscarriage of justice (*Commonwealth* v. *Freeman*, 352 Mass. 556, 563-564 [1967]) which would require a new trial on the indictment for kidnapping. The judgments on the indictments numbered 72616 and 72619 are affirmed.

*So ordered.*

*Willie J. Davis* for the defendant.
*Rosemary Ford*, Assistant District Attorney, for the Commonwealth.