COMMONWEALTH *vs.* JOHN DURAKOWSKI.

No. 01-P-444.

Bristol. January 15, 2003. - May 13, 2003.

Present: PORADA, SMITH, & MASON, JJ.

*Assault with Intent to Rape. Assault and Battery. Habitual Offender. Practice, Criminal,* Assistance of counsel.

At a criminal trial, the defendant's counsel did not provide ineffective assistance, where counsel's concession in his opening statement that the defendant was guilty of "something" was part of a reasonable strategy, in light of the strength of the Commonwealth's case, to concede guilt on a lesser charge in order to avoid guilt on the more serious charges, a strategy that was partially successful; where counsel's failure to make use of all the evidence that could have been used to attack the victim's identification was tied to counsel's strategy of focusing on the defendant's inability to form the specific intent to commit the more serious crimes charged, and was therefore not manifestly unreasonable; where counsel's failure to introduce in evidence a booking sheet that would have shown that the defendant was initially booked for lesser crimes, while error, did not deprive the defendant of a substantial defense, given the other evidence in the case; where counsel's failure to object to the admission of certain evidence, or his failure to object strongly enough, was not error, in that the evidence was admissible; and where counsel's failure to object to a specific jury instruction was not error, in that the instruction was not deficient. [93-96]

At the trial of indictments charging the defendant with assault with intent to commit rape as a second or subsequent such offense, there was sufficient evidence on which the judge could have found the defendant guilty, where the defendant's previous conviction in the State of Nevada for attempted sexual assault was the legal equivalent in Massachusetts of assault with intent to commit rape. [96-98]

INDICTMENTS found and returned in the Superior Court Department on January 13, 2000, and February 15, 2000.

The cases were tried before *E. Susan Garsh*, J.

*Sharon Fray-Witzer* for the defendant.

*Kevin Connelly*, Assistant District Attorney, for the Commonwealth.

PORADA, J. From his convictions of assault with intent to commit rape, second or subsequent offense, assault and battery, and being a habitual criminal, the defendant appeals, claiming that his trial counsel was ineffective and that the evidence was insufficient to support a finding of guilt as to the second or subsequent offense portion of the indictments charging the defendant with assault with intent to commit rape.[1] We affirm.

1. *Ineffective assistance claim.* The defendant argues that his trial counsel was ineffective in conceding the defendant's guilt as to assault and battery in his opening statement and closing argument; in failing to attack effectively the Commonwealth's evidence identifying the defendant as the perpetrator of the crime; in failing to present or object to certain evidence; and in failing to object to the judge's instruction on intoxication. In order to establish his claim of ineffective assistance, the defendant must show that there has been serious incompetency, inefficiency or inattention of counsel — behavior falling measurably below that which might be expected from an ordinary fallible lawyer — and that those shortcomings deprived the defendant of an otherwise available, substantial ground of defense. *Commonwealth* v. *Saferian,* 366 Mass. 89, 96 (1974). The defendant has not done so in this case.

The defendant first contends that his counsel was ineffective because in his opening statement he conceded that the defendant was guilty of "something," and in his closing argument he conceded the defendant was guilty of assault and battery. The defendant argues that those concessions deprived him of a defense and nullified his presumption of innocence. However, a defendant is not necessarily deprived of a defense when some guilt is conceded. As a tactical decision, counsel may well concede guilt on a less serious offense in an effort to persuade the jury to mitigate punishment by acquitting on the more serious offense. See *Commonwealth* v. *Stoute,* 10 Mass. App. Ct. 932, 933 (1980) (concession by defense counsel of guilt on as-

---

[1]The defendant also claims that the evidence was insufficient to support a finding of guilt as to 1) the assault with intent to commit rape portion of the indictment and 2) the finding that he is a habitual offender. Because there was adequate proof presented by the Commonwealth, we reject both of those claims, which were submitted in a supplemental brief pursuant to *Commonwealth* v. *Moffett,* 383 Mass. 201 (1981).

sault charge, in effort to persuade jury to acquit on kidnaping charge, did not amount to ineffective assistance of counsel). Here, it is apparent from the record that the defense strategy was designed to persuade the jury that the defendant was too intoxicated to form the necessary intent to commit mayhem or an assault with intent to rape. Given the strength of the Commonwealth's case — the victim's identification of the defendant as the assailant, the defendant's proximity to the scene of the crime and the blood on his lip and mouth which suggested it came from the bloody bite to the victim's nose inflicted by the perpetrator — it was not unreasonable for defense counsel to adopt a strategy that would concede guilt on a lesser charge in order to avoid guilt on the more serious charges. In fact, defense counsel's strategy was not without success, for the jury acquitted the defendant of the crime of mayhem and found him guilty on the lesser charge of assault and battery on the indictment charging him with assault and battery by means of a dangerous weapon. As such, defense counsel's strategy was not manifestly unreasonable and cannot serve as the basis for a finding of ineffective assistance of counsel. See *Commonwealth* v. *Adams*, 374 Mass. 722, 728-729 (1978) (tactical judgments that are not manifestly unreasonable do not lead to finding of ineffective assistance of counsel).

The defendant next argues that defense counsel did not make use of all the evidence that could have been used to attack the victim's identification and that any attempt counsel made to attack the identification was at odds with his concession of identification and nullified the defendant's defense relating to his claim that he was too intoxicated to possess the necessary intent. Here again, our review of the record indicates that defense counsel's strategy was to focus on the defendant's inability to form the specific intent to commit the more serious crimes and to forgo an attack on identification. For the reasons noted, this was not a manifestly unreasonable strategy. Further, we view the thrust of defense counsel's questions and statements in closing argument relating to the identification of the defendant by the victim as an attack on the witness's credibility and as not inconsistent with defense counsel's strategy to focus on the issue of intent.

The defendant argues that defense counsel was ineffective in failing to introduce in evidence a police booking sheet that would have shown that the defendant was initially booked for assault and battery and not for assault with intent to rape. The trial judge had advised defense counsel that she would not let an officer testify as to what crime had been committed. The defendant argues that his trial counsel mistakenly understood this ruling to preclude his introducing in evidence the booking sheet that, the defendant claims, would demonstrate that the victim did not initially complain that the defendant tried to rape her. While the defendant is correct that the judge's ruling about the booking sheet appears to have been limited to excluding the booking officer's opinion on what charge to file against the defendant, defense counsel's failure to lay a foundation for purposes of impeaching the victim did not deprive the defendant of a substantial defense. The hospital report was in evidence, and showed that the victim reported to hospital personnel that she had been "accosted" by "a homeless person." In addition, two witnesses, the owner of the bar in which the victim sought aid and the police officer who was dispatched to investigate the incident, both testified that she told them that a man had tried to rape her. In those circumstances, it is unlikely that the introduction of the booking sheet for purposes of impeaching the victim would have accomplished anything material for the defense. See *Commonwealth* v. *Satterfield*, 373 Mass. 109, 115 (1977). See also *Commonwealth* v. *Knight*, 437 Mass. 487, 502 (2002).

The defendant also argues that defense counsel's objection to the admission in evidence of statements made by the victim to the owner of the bar was not forceful enough and that defense counsel erred in failing to object to the victim's statement to the investigating police officer. Because those statements were made by the victim immediately following the attack while she was still under the stress of the attack and the statements tended to qualify, characterize, and explain the underlying event, the trial judge could properly admit them as spontaneous utterances. *Commonwealth* v. *King*, 436 Mass. 252, 254-255 (2002). Accordingly, counsel cannot be faulted either for failing to object, or for not objecting strongly enough. Cf. *Commonwealth* v. *Cohen*, 412 Mass. 375, 392 (1992) (where statements were admis-

sible as spontaneous utterances, counsel was not ineffective for failing to object).

Finally, the defendant claims that his trial counsel was ineffective in failing to object to what he claims was a deficient instruction on intoxication. The instruction was not deficient. The judge instructed the jury as follows:

> "Whenever the defendant's intent must be proved by the Commonwealth, the defendant's culpability rests upon proof of such intent beyond a reasonable doubt. You should consider all the credible evidence relevant to the defendant's intent, including any credible evidence of the effect on the defendant of his consumption of alcohol in determining whether the Commonwealth has met its burden of proof.

> "More particularly, you may consider any credible evidence of the defendant's consumption of alcohol in determining whether the defendant actually intended to physically harm [the victim], whether the defendant actually intended to make [the victim] fearful or apprehensive of immediate bodily harm, and whether the defendant actually intended to rape [the victim]."

This instruction comports with the recommended instruction on intoxication of the Supreme Judicial Court. See *Commonwealth v. Sires*, 413 Mass. 292, 300-301 (1992); *Commonwealth v. Cormier*, 427 Mass. 446, 452 (1998). No more was required.

In sum, the defendant has not demonstrated that any of his trial counsel's actions or inactions deprived him of a substantial available defense, and thus his claim of ineffectiveness fails.

2. *Second or subsequent offense.* The defendant was charged in two indictments with assault with intent to commit rape as a second or subsequent such offense. In one indictment, the predicate offense was a conviction for attempted sexual assault in the State of Nevada on June 12, 1992, and in the other indictment, the predicate offense was a conviction of rape in Hampden County on December 20, 1983. The trial judge found the defendant guilty on both indictments and also as a habitual offender and sentenced him to life imprisonment on both indictments. Subsequently, the trial judge vacated one of those

sentences and reimposed a sentence of life imprisonment on the assault with intent to commit rape as a second or subsequent offense based on the Nevada conviction and as a habitual offender.[2] The defendant argues that the evidence was insufficient for the judge to have found him guilty on the second or subsequent offense portion of the indictment on which the Nevada conviction serves as a predicate because the elements of the offense of attempted sexual assault in Nevada are not the equivalent of the elements of an assault with intent to commit rape in Massachusetts. While we agree with the defendant that an attempted sexual assault under Nevada law is not the legal equivalent of the (Massachusetts) crime of assault with intent to commit rape in that one could be convicted of attempted sexual assault in Nevada without proof of an actual assault, *Van Bell* v. *State*, 105 Nev. 352, 354 (1989), we nevertheless conclude that under the indictment and evidence presented to the judge, she did not err in finding the defendant guilty based on the second or subsequent offense portion of this indictment based on the Nevada offense. The second or subsequent offense portion of the indictment stated that the defendant was convicted of the crime of "Attempted Sexual Assault as defined by [Nev. Rev. Stat. §] 193.330 and [Nev. Rev. Stat. §] 200.366." Under Nev. Rev. Stat. § 200.366 (2002), "[a] person who subjects another person to sexual penetration . . . against the will of the victim . . . is guilty of sexual assault." An attempt is defined under Nev. Rev. Stat. § 193.330 (2002) as "[a]n act done with the intent to commit a crime, and tending but failing to accomplish it."[3] The Commonwealth introduced in evidence the defendant's plea colloquy in Nevada in which he admitted that on February 1, 1992, in the State of Nevada, he did "attempt to subject [the victim] to sexual penetration against her will, in that [he] threw [her] to the ground, lowered [his] pants and

---

[2] We consider the judge's vacating of her original sentence and imposition of only one sentence on the indictment charging the defendant with assault with intent to commit rape, second and subsequent offense based on the Nevada conviction, and with being a habitual offender, as dispositive of the defendant's argument that he was twice put in jeopardy.

[3] There appears to be no crime specifically designated as assault with intent to commit rape under the Nevada statutes. Nevada does, however, designate as a crime battery with the intent to commit sexual assault. See Nev. Rev. Stat. § 200.400 (2002).

positioned [himself] atop of her and tried to pull her pants down, before she was able to free herself." The Commonwealth also introduced testimony from the victim of that crime in Nevada and a Nevada police officer that the defendant was the perpetrator of this offense. This evidence was sufficient to satisfy the requirement that the Nevada attempted sexual assault was the legal equivalent in Massachusetts of assault with intent to commit rape, which requires proof of an assault upon the victim and specific intent by the defendant at the time of the assault to rape the victim. *Commonwealth* v. *Fulgham*, 23 Mass. App. Ct. 422, 427 (1987).

*Judgments affirmed.*