NOTICE:  All slip opinions and orders are subject to formal revision and are superseded by the advance sheets and bound volumes of the Official Reports.  If you find a typographical error or other formal error, please notify the Reporter of Decisions, Supreme Judicial Court, John Adams Courthouse, 1 Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-1030; SJCReporter@sjc.state.ma.us

15-P-44                                         Appeals Court

COMMONWEALTH  vs.  SEAN BRANTLEY.


August 18, 2016.


Arrest.  Constitutional Law, Arrest, Investigatory stop, Stop and frisk, Assistance of counsel, Search and seizure. Search and Seizure, Arrest, Inventory, Automobile.  Name. Practice, Criminal, Motion to suppress, Required finding, Instructions to jury, New trial, Assistance of counsel.


The defendant, Sean Brantley, appeals from the judgments after his convictions by a Superior Court jury of possession of cocaine and furnishing a false name to a law enforcement officer.[1]  The defendant contends that (1) his motion to suppress evidence should have been allowed; (2) the evidence was insufficient to establish beyond a reasonable doubt the elements of furnishing a false name; (3) the jury instructions on furnishing a false name were incorrect; and (4) defense counsel was ineffective because he improperly conceded the defendant's guilt to furnishing a false name.  We discuss the facts where relevant.

1.  Motion to suppress.  The defendant filed a motion to suppress evidence on the grounds that the search and seizure of

---

[1] A grand jury indicted the defendant for possessing cocaine with intent to distribute, subsequent offender; operating a motor vehicle with a suspended license; furnishing a false name to a law enforcement officer; and refusing to submit to a police officer.  At the close of the Commonwealth's case, the judge allowed the defendant's motion for required findings of not guilty on the charges of operating with a suspended license and refusing to submit to a police officer.

the defendant and his vehicle were not based on reasonable suspicion or probable cause.  After an evidentiary hearing, the motion judge denied the motion and made the following findings:

> "In this matter, Commonwealth vs. Sean Brantley, the court finds Sgt. Toledo credible.  I credit his testimony in its entirety.  I adopt his testimony as the court's findings of fact.  Based on those findings, I find that Sgt. Toledo ha[d] reasonable suspicions, based on specific and articulated facts, to stop the motor vehicle for its failure to stop for a stop sign.
>
> "I then find significantly that the officer on multiple occasions ordered the defendant to stop and that the defendant, in fact, fled from that particular location.
>
> "Consequently, I find that the search of his person was a valid search, incident to arrest, and that the inventory search was similarly valid, consistent with the written inventory policy of the Springfield Police Department."[2]

The defendant argues that he did not commit an arrestable offense and therefore the search could not be justified as a search incident to arrest.  Here, the initial stop of the defendant's vehicle was valid as a routine traffic stop.  The stop was no longer routine once the defendant, after stopping, backed up the vehicle three to five feet in the direction of the officer.  The officer could see the defendant staring at him in the rearview mirror.  Only when the officer activated two bursts from his air horn did the defendant fully stop.  The defendant then "leapt" out of the vehicle.  The officer immediately ordered him back into the vehicle, but the defendant refused to comply, and ran from the scene.

Failure to stop a vehicle when ordered to do so by a police officer is an arrestable offense.  See G. L. c. 90, §§ 21 and 25.  The defendant attempts to escape the application of § 25 by arguing that he was no longer inside the automobile when ordered to stop.  The Supreme Judicial Court has held, however, that the phrase "operating or in charge of a motor vehicle" in § 25 "connotes active control of a vehicle by a driver placed either in the vehicle or in such physical proximity that he might drive

---

[2] We accept the motion judge's findings of fact unless clearly erroneous; credibility determinations are him to decide. Commonwealth v. Jones-Pannell, 472 Mass. 429, 431, 436-437 (2015).

away." Commonwealth v. Schiller, 377 Mass. 10, 12 (1979). Furthermore, the defendant's operation of the vehicle, backward toward the officer after being pulled over, established probable cause to support arrest for this offense. The motion to suppress was properly denied.

2. Sufficiency of the evidence: furnishing a false name. Defense counsel conceded in his opening statement that the defendant provided the police with a false name. The defendant argues, however, that his motion for a required finding on this charge should have been allowed because he provided the false name prior to his arrest, while the statute contains the phrase "following an arrest." G. L. c. 268, § 34A. A rational jury could have found that the defendant furnished a false name beginning with his capture and extending through the booking procedure. Therefore, even if an arrest is viewed as occurring only after a formal arrest and not at the point of seizure with probable cause, the elements of the statute have been satisfied. Moreover, as with the crime of resisting arrest, the appropriate question is not whether there had been a formal arrest, but rather, whether a reasonable person in the defendant's circumstances would have understood that he was under arrest. Cf. Commonwealth v. Grant, 71 Mass. App. Ct. 205, 208 (2008).

3. Jury instruction: furnishing a false name. The defendant claims that the jury instruction was incorrect because it did not distinguish between the use of the false name prior to arrest and the use of the false name after arrest. The defendant ignores the fact that the trial judge gave the model jury instructions almost verbatim and they were correct. Even if the instructions were incorrect, where the defendant conceded this crime, any error would not create a substantial risk of a miscarriage of justice.

4. Ineffective assistance of counsel. The defendant claims that trial counsel was ineffective for conceding guilt on the charge of furnishing a false name. "In order to prevail on his claim for ineffective assistance of counsel, the defendant bears the burden of showing that (1) there has been 'behavior of counsel falling measurably below that which might be expected from an ordinary fallible lawyer' and (2) that 'it has likely deprived the defendant of an otherwise available substantial ground of defence.'" Commonwealth v. Sylvain, 466 Mass. 422, 437 (2013), quoting from Commonwealth v. Saferian, 366 Mass. 89, 96 (1974). Although the defendant brings this claim in its weakest form, i.e., "on the trial record alone," Commonwealth v. Peloquin, 437 Mass. 204, 210 n.5 (2002), it is apparent from the

record that this was a tactical choice by trial counsel.  We cannot say on this record that this choice was inherently ineffective.  "As a tactical decision, counsel may well concede guilt on a less serious offense in an effort to persuade the jury to mitigate punishment by acquitting on the more serious offense."  Commonwealth v. Durakowski, 58 Mass. App. Ct. 92, 93 (2003).  Here, trial counsel focused on the intent element of the drug charge, and spared the defendant a conviction of the more serious charge.  As demonstrated by his closing argument, trial counsel argued that the defendant was being forthright in admitting to cocaine possession and to furnishing a false name. The tactic appears to have been reasonable and it was successful.  The defendant was facing a significant sentence if he was convicted of possession of cocaine with intent to distribute as a subsequent offender.  Counsel was not ineffective.  Cf. Commonwealth v. Stoute, 10 Mass. App. Ct. 932, 933 (1980) (reasonable trial tactic to concede guilt of assault charge in effort to persuade jury to acquit defendant of kidnapping).

Judgments affirmed.


Victoria L. Nadel for the defendant.
Thomas H. Townsend, Special Assistant District Attorney, for the Commonwealth.