The defendants, Roberta Golden and Peter Poulos, appeal from a judgment against them, after a jury-waived trial, on plaintiff George Peterson's claims for breach of contract, unjust enrichment, and declaratory relief. They also appeal from orders denying two postjudgment orders. The defendants argue that the judge's refusal to recuse himself, denial of their motion for involuntary dismissal or new trial, and denial of their motion for lis pendens was error. We affirm.
Briefly, the judge found as follows. In an effort to help his friends, Golden and Poulos, out of financial difficulties, Peterson, in March of 2003, agreed to accept ownership of the defendants' property in Framingham, which at the time was subject to a mortgage requiring monthly payments by the defendants of $6,000. The conveyance to Peterson would permit him to obtain financing on the property to pay off existing debts on the property. The defendants would continue to live at the property, and Poulos would pay the mortgage obtained by Peterson. The defendants failed to make the payments over the course of many years, and Peterson filed this action for breach of contract and unjust enrichment. He also sought a declaration that he was the outright owner of the Framingham property.
The judge concluded that Poulos, who signed the agreement to transfer the property, had breached the contract by failing to make payments on the mortgage, forcing Peterson to do so over the course of many years. Because Golden was not a party to the contract with Peterson, the judge ruled that Golden could not be in breach, but concluded that she was unjustly enriched by residing at the property rent free for many years. The judge rejected the defendants' counterclaims and requests that the amounts owed Peterson be offset by amounts claimed by Golden, who was an attorney, for legal work done by her in connection with another coventure the parties had been involved in.
1. Recusal. The defendants claim that the judge abused his discretion when he denied their motion for recusal. During the trial, the judge discovered that Golden had been suspended from the practice of law in 2002. Upon learning this the judge notified the parties that Golden's bar discipline may have occurred during his tenure as vice chair of the Board of Bar Overseers (board). The judge indicated he had no memory of Golden or the proceedings against her. Nonetheless, he offered to recuse himself if the parties requested that he do so. All parties declined the judge's offer to recuse himself and the trial proceeded. The next day, Golden's attorney made a motion for the judge to recuse himself. The motion was denied. This issue arose again in one of the defendants' postjudgment motions. In his order on that motion, the judge indicated, in addition to the reasons stated by him earlier in the proceedings, that he had reviewed Golden's disciplinary proceeding to confirm he had not been involved and found that his term on the board had expired by the time Golden's disciplinary action reached the board.
The judge's decision not to recuse himself is reviewable for abuse of discretion. See Commonwealth v. Adkinson, 442 Mass. 410, 415 (2004). "The determination of recusal is left to the judge's sound discretion." Avelino-Wright v. Wright, 51 Mass. App. Ct. 1, 8 (2001). Here, the judge properly determined that he was free of bias or prejudice in the case. The judge informed the parties that he had no knowledge of anything material to Golden's disciplinary matter. Further, the judge's ruling on the defendants' postjudgment motion demonstrated that he also objectively evaluated whether his impartiality might reasonably be questioned and determined that it could not. See Lena v. Commonwealth, 369 Mass. 571, 575 (1976). We discern no error or abuse of discretion. See L.L. v. Commonwealth, 470 Mass. 169, 185 n.27 (2014).
2. Postjudgment motion for involuntary dismissal and/or new trial.[3] Next, the defendants argue that the judge erred in denying their postjudgment motion for involuntary dismissal and/or for a new trial on the ground that the agreement between the parties was an illegal contract and, accordingly, void. We agree with Peterson's argument that the issue was waived, as illegality of the contract was neither pleaded nor raised at the trial. See O'Donnell v. Bane, 385 Mass. 114, 116 (1982). Further, contrary to the assertion in the defendants' brief, the judge did not find that the contract was illegal.[4]
3. Lis pendens. The defendants also filed a separate notice of appeal from the denial of their postjudgment motion for approval of a memorandum of lis pendens. We find the defendants' motion defective for failure to comply with the requirements of the lis pendens statute, G. L. c. 184, § 15. See DeCroteau v. DeCroteau, 90 Mass. App. Ct. 903, 906 (2016).[5] ,[6]
Judgment affirmed.
Order, entered March 5, 2013, denying motion for involuntary dismissal and/or new trial, affirmed.
Order, entered February 26, 2014, denying motion for approval of memorandum of lis pendens, affirmed.

The defendants presented no argument on appeal on the issue of recusal as a grounds for allowing their motion for new trial. Therefore that argument is waived. See Mass.R.A.P. 16 (a)(4), as amended, 367 Mass. 921 (1975).

The judge's findings stated: "It could be said that the Agreement was an illegal contract in that its execution required Washington Mutual to be misled into believing that the parties were engaged in a true sale of the Framingham property." The judge then indicated he would not refuse to enforce the agreement. Cf. Gleason v. Mann, 312 Mass. 420, 422 (1942) (consideration of unpleaded claim of illegality allowed when defendant shows contract is "inherently wrongful or which is violative of some fundamental principle of public policy").

Even considering the defendants' verified counterclaims as part of the motion for lis pendens, we discern no abuse of discretion in the judge's denial in light of his findings and judgment after trial. See G. L. c. 184, § 16.

Peterson's request for attorney's fees is denied.