NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-1468

COMMONWEALTH

vs.

LUIS ALBERTO DELVALLE-RODRIGUEZ.[1]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

Following a jury trial in the Superior Court, the defendant, Luis Alberto Delvalle-Rodriguez, was convicted of numerous crimes arising from a violent incident in the town of Washington. On appeal, he argues that the judge erred in denying his motions for a required finding of not guilty on three charges of kidnapping under G. L. c. 265, § 26. We affirm.

Background. "Because the defendant challenges the sufficiency of the evidence presented, we summarize the facts the jury could have found in the light most favorable to the

_____

[1] As is our custom, we set forth the defendant's name as it appears in the indictments.

Commonwealth."  Commonwealth v. Tavares, 471 Mass. 430, 431 (2015).

On the night of August 20, 2018, and the early morning of the next day, the defendant was at a party at a location referred to as Washington Mountain.  Dozens of young adults gathered to drink, smoke, and socialize.  They sat on wooden pallets around a firepit and stood on a wall overlooking the area.  Carrying a firearm, the defendant arrived at the party around 11:00 or 11:30 P.M.

Around 1:00 A.M., the three victims decided to leave the party and got in the truck of the first victim, Nicholas Carnevale.  The truck was parked at the bottom of a muddy trail.  As the first victim started the truck in reverse, a group of men, including the defendant, walked down the trail from the firepit toward the truck.  The first victim accelerated in an attempt to get away, but the truck got stuck in the mud.  When the men reached the truck, they beat on it with their hands, sticks, and slats from the pallets and tried to open its doors.  They shouted and yelled "fucking stab him" and "[g]et out before we start shooting."

At some point, the truck's doors were unlocked and some of the men, including the defendant, pulled out the first victim by his leg.  They punched the first victim and hit him with sticks and slats.  After the second victim got out of the truck through

2

the passenger side window to try and help the first victim, he was also punched and hit with sticks and slats.  Then, several gunshots rang out.  As the first victim ran away, the defendant shot him in the head.  Meanwhile, the third victim remained in the backseat of the truck and took cover on its floor.  Once the incident was over, the second victim tried to move the truck, but it remained stuck in the mud.

A grand jury indicted the defendant on eleven counts arising from the incident:  armed assault with intent to murder, G. L. c. 265, § 18 (b); assault and battery by means of a dangerous weapon causing serious bodily injury, G. L. c. 265, § 15A (c) (i); assault and battery by means of a dangerous weapon, G. L. c. 265, § 15A (b); armed kidnapping causing serious bodily injury as to the first victim, G. L. c. 265, § 26; two counts of kidnapping while armed with a firearm as to the second and third victims, G. L. c. 265, § 26; two counts of assault and battery, G. L. c. 265, § 13A (a); illegal possession of a firearm, G. L. c. 269, § 10 (a); possession of a firearm during the commission of a felony, G. L. c. 265, § 18B; and malicious damage to a motor vehicle, G. L. c. 266, § 28 (a). The Commonwealth entered nolle prosequis as to the two firearm indictments.  A jury trial was held on the remaining nine counts.  During the trial, the defendant filed a motion for a required finding of not guilty as to all counts, which the judge

3

denied.  After the close of evidence, the defendant renewed his motion as to the two counts of kidnapping while armed with a firearm, which the judge also denied.  The jury convicted the defendant on all nine remaining counts.

Discussion.  The defendant contends that the judge erred in denying his motions for a required finding of not guilty as to the three kidnapping offenses because there was insufficient evidence that he intended to or in fact did confine or restrain the liberty of the victims.  In reviewing the denial of a motion for a required finding of not guilty, "we assess the evidence in the light most favorable to the prosecution to determine whether any rational trier of fact could have found each element of the crime beyond a reasonable doubt."  Commonwealth v. Robinson, 493 Mass. 303, 307 (2024), citing Commonwealth v. Latimore, 378 Mass. 671, 677-678 (1979).  "A conviction may rest exclusively on circumstantial evidence, and, in evaluating that evidence, we draw all reasonable inferences in favor of the Commonwealth" (citation omitted).  Commonwealth v. Bonner, 489 Mass. 268, 275 (2022).  "The relevant question is whether the evidence would permit a jury to find guilt, not whether the evidence requires such a finding."  Commonwealth v. Brown, 401 Mass. 745, 747 (1988).

A person is guilty of kidnapping if they, "without lawful authority, forcibly or secretly confine[] or imprison[] another

4

person . . . against [that person's] will."  G. L. c. 265, § 26.  "Confinement is broadly interpreted to mean any restraint of a person's movement" (quotation and citation omitted). Commonwealth v. Oberle, 476 Mass. 539, 548 (2017).  Confinement may be effectuated by actual force, but "if the victim is subdued by the display of potential force, [that] is [also] sufficient" (citation omitted).  Commonwealth v. Fredette, 97 Mass. App. Ct. 206, 214 (2020).  Because the Commonwealth proceeded against the defendant both as a principal and as a part of a joint venture, sufficient evidence as to either theory is enough to sustain the convictions.  Commonwealth v. Zanetti, 454 Mass. 449, 464 (2009).

Although the defendant maintains that his convictions cannot be sustained because the muddy trail, not his actions, prevented the victims from leaving the scene in the truck, that is not the relevant inquiry.  The question under the statute is whether the defendant forcibly confined the victims inside the truck.  See Oberle, 476 Mass. at 548.  The evidence here would permit a rational trier of fact to find that he did.  See Brown, 401 Mass. at 747.  Multiple witnesses testified that the group of men, including the defendant, banged on the truck with their hands and objects.  The men shouted and yelled threats at the victims and threatened to shoot them.  These facts, viewed in the light most favorable to the Commonwealth, provided

sufficient evidence for the jury to reasonably infer that the "threatening words [and] gestures" from the group of men, including the defendant, were a display of force or potential force that kept the victims confined inside the truck. Commonwealth v. Trotto, 487 Mass. 708, 717 (2021).  See Fredette, 97 Mass. App. Ct. at 214.  Contrary to the defendant's contention, whether the victims were physically able to remove themselves from the truck is not dispositive of whether their movement was restrained by the threat of harm.  See Commonwealth v. Lent, 46 Mass. App. Ct. 705, 710 n.5 (1999).

The Commonwealth did not have to prove that the defendant had the specific intent to confine or imprison the victims.  See Commonwealth v. Saylor, 27 Mass. App. Ct. 117, 121-122 (1989). General Laws c. 265, § 26, sets forth three relevant clauses, which read:

> "Whoever, without lawful authority, [1] forcibly or secretly confines or imprisons another person within this commonwealth against his will, or [2] forcibly carries or sends such person out of this commonwealth, or [3] forcibly seizes and confines or inveigles or kidnaps another person, with intent either to cause him to be secretly confined or imprisoned in this commonwealth against his will, or to cause him to be sent out of this commonwealth against his will or in any way held to service against his will, shall be punished . . . ."

See Commonwealth v. Bibby, 54 Mass. App. Ct. 158, 160 (2002), citing G. L. c. 265, § 26.  Here, the relevant indictments charged the defendant with all three theories of kidnapping, in

6

the alternative.[2]  At trial, the Commonwealth relied only on the first theory under G. L. c. 265, § 26, and that is the theory on which the jury was instructed.  That theory does not require the Commonwealth to prove that the defendant had a specific intent. See Saylor, supra.  Accordingly, it was enough for the Commonwealth to prove that the defendant confined the victims "by force and against [their] will, and that the sequence of events [was not] accidental."  Id. at 122.  See Commonwealth v. Traylor, 43 Mass. App. Ct. 239, 243 n.7 (1997).  As discussed,

---

[2] The indictments alleged that the defendant, "without lawful authority, did forcibly or secretly confine or imprison [victim] within this Commonwealth against such person's will, or did forcibly carry or send such person out of this Commonwealth, or did forcibly seize and confine or inveigle or kidnap such person, with intent either to cause such person to be secretly confined or imprisoned in this Commonwealth against such person's will, or to cause such person to be sent out of this Commonwealth against such person's will or in some way held to service against such person's will . . ." (emphasis added).

the evidence was sufficient to support such a finding.[3]

Judgments affirmed.

By the Court (Henry, Shin &
Toone, JJ.[4]),

_Paul Little_

Clerk

Entered:  April 2, 2026.

---

[3] Had the defendant been tried under the third theory, the Commonwealth would have had to prove that he had the requisite specific intent.  See Commonwealth v. Ware, 375 Mass. 118, 120 (1978); Bibby, 54 Mass. App. Ct. at 160-161.

[4] The panelists are listed in order of seniority.